IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


JOSEPH P. PACHECO,

                    Plaintiff,

          v.                         CASE NO.  08-3070-SAC

JOAN WAGNON,
et al.,
                    Defendants.

### O R D E R

This  civil  rights  complaint  was  filed  by  an  inmate  of  the
Norton  Correctional  Facility,  Norton,  Kansas.   Plaintiff  has  also
filed  a  Motion  to  Proceed  Without  Prepayment  of  Fees.   He  names  as
defendants  Joan  Wagnon,  Secretary  of  the  Kansas  Department  of
Revenue  (KDR);  D.  Philip  Wilkes,  Secretary  Designee  of  the  KDR;
Darcy  Hamilton,  KDR  tax  agent;  Dean  Zaldivar  and  Vince  Walk,  police
officers,  Shawnee  Mission  Police  Department;  and  Dennis  Davis,
detective,  Johnson  County  Sheriff's  Department.   Plaintiff  seeks
injunctive  relief  and  money  damages  for  alleged  civil  rights
violations  related  to  the  filing  and  execution  of  a  state  drug  tax
warrant  against  him.


**FACTUAL BACKGROUND**

From  plaintiff's  allegations  and  exhibits,  the  factual
background  for  his  complaint  appears  to  be  as  follows.   On  March  27,
2006,  Mr.  Pacheco  and  Charles  Sample  were  arrested  for  burglary  of
a  dwelling.   On  the  same  date,  Mr.  Pacheco's  truck  was  towed  by  the
Shawnee  Police  Department  to  Heritage  Tow  Co.   Mr.  Pacheco  alleges
that  on  March  29,  2006,  defendant  Police  Detective  Zaldivar  "had  a

drug dog walk around his truck" at Heritage Tow.   Plaintiff's attachments indicate this search resulted from information provided by defendant Sheriff's Detective Davis who had listened to "the in custody phone conversations" of Pacheco with his girlfriend and Sample.  In such conversations, Pacheco mentioned stuff that should not have fallen from underneath his vehicle and that he had placed items including a gun in an orange paint can at his girlfriend's house before he was taken into custody.  On March 28 and 29, 2006, Davis provided this information to Officer Zaldivar.  A search of the girlfriend's house was undertaken and a stolen gun and ammunition were found in a paint can.  Defendant Zaldivar then searched plaintiff's truck and "claimed" he found 10.2 grams of methamphetamines (meth) "under the bed of the truck."  He notified defendant Police Detective Walk, who contacted defendant Agent Hamilton of the KDR.  Defendant Hamilton prepared and served upon plaintiff a tax warrant and a "Notice of Assessment" claiming Pacheco possessed meth without drug stamps affixed.  Defendant Hamilton informed plaintiff that he would seize plaintiff's truck pursuant to the tax warrant.  The truck and some personal property located therein were sold and the net proceeds applied to plaintiff's tax bill.

Pacheco alleges he "appealed" the tax bill and seizure of his truck "claiming the (meth) was not his," he did not "possess" it, and apparently that more meth was actually found and turned in to the Johnson County crime lab than 10.2 grams.  Defendant Wilkes reviewed and denied his initial KDR appeal.  Plaintiff complains that no action was taken to disprove his "claim of abuse."

**CLAIMS**

Mr. Pacheco claims his federal constitutional rights were violated including his Fourth Amendment right against unreasonable seizures, his Fifth Amendment right against compelled self-incrimination, and his Fourteenth and Fifth Amendment rights against deprivation of property without due process and to equal protection of the laws.

In support of his claim of a Fourth Amendment violation, plaintiff describes the search, seizure, and sale of his truck, and claims the search was "made on bad facts" and should not have taken place. He also alleges his disagreement with the amount of drugs found and turned in.

In support of his claim that his Fifth Amendment right against self-incrimination was violated, plaintiff asserts he was improperly forced to be a witness against himself in that the information defendant Davis reported to defendant Zaldivar was obtained without his knowledge or consent, and without Miranda warnings. The information led to the finding of a 9mm pistol, and the meth on his truck, and the drug tax assessment against plaintiff. He again appears to dispute the amounts of meth reported by police.

In support of his claim that he was deprived of property without due process of law in violation of his rights under the Fifth and Fourteenth Amendments, plaintiff repeats his allegation that the tax bill and the seizure of his truck by Agent Hamilton were based on fraudulent facts submitted to the KDR by defendants Walk and Zaldivar. He also alleges the KDR did not afford him "his due process to appeal" as provided by the statutes in the Kansas Drug Tax Act, K.S.A. § 79-5201, et seq. He again asserts that the

seizure of his property was unreasonable.

Plaintiff additionally claims that defendants' actions in allegedly filing a fraudulent tax bill constituted an "illegal tax, charge or assessment" by a public officer subject to injunction under K.S.A. § 60-907.

Mr. Pacheco asks this court to order the KDR to void the tax warrant, and pay him $10,000 to replace his truck. He also seeks money damages from each defendant.

**APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES**

Plaintiff seeks leave to proceed without prepayment of fees (Doc. 2), and appears to have insufficient funds to pay the filing fee at this time. Plaintiff was granted leave to proceed without prepayment of fees in a prior action and has an outstanding fee obligation in that action, Case No. 07-3172. He is reminded that under the Prison Litigation Reform Act a prisoner litigant is required to pay the full district court filing fee of $350.00 for each civil action filed by him. 28 U.S.C. § 1915(b)(1). The granting of leave merely entitles him to pay the filing fee over time with periodic payments from his inmate trust fund account as detailed in 28 U.S.C. § 1915(b)(2). Because any funds advanced to the court by plaintiff on his behalf must first be applied to plaintiff's outstanding fee obligations, the court grants plaintiff leave to proceed without prepayment of fees in the instant matter. Collection of the full district court filing fee in this case shall begin upon plaintiff's satisfaction of his prior obligation in Case No. 07-3172. The Finance Office of the Facility where plaintiff is

incarcerated will be directed by a copy of this order to collect from plaintiff's account and pay to the clerk of the court twenty percent (20%) of the prior month's income each time the amount in plaintiff's account exceeds ten dollars ($10.00) until all plaintiff's outstanding filing fee obligations have been paid in full.  Plaintiff is directed to cooperate fully with his custodian in authorizing disbursements to satisfy the filing fee, including but not limited to providing any written authorization required by the custodian or any future custodian to disburse funds from his account.

## SCREENING

Because Mr. Pacheco is a prisoner, the court is required by statute to screen his complaint and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief.  28 U.S.C. § 1915A(a) and (b).  Having screened all materials filed, the court finds the complaint is subject to being dismissed for reasons that follow.

## FAILURE TO SEEK PROPER REMEDIES

Plaintiff seeks relief under 42 U.S.C. § 1983 in federal district court from a drug tax assessment imposed upon him by the KDR, a regulatory agency of the State of Kansas, and the seizure and sale of his personal property by the agency to satisfy the assessment.  Generally, exhaustion of state administrative and judicial remedies is not a prerequisite to bringing an action under 42 U.S.C. § 1983.  See Porter v. Nussle, 534 U.S. 516, 523 (2002).

However, an exception to this general rule is recognized for an action brought in the lower federal courts by an individual taxpayer seeking relief from his tax bill.  <u>Fair Assessment in Real Estate Ass'n v. McNary</u>, 454 U.S. 100, 116 (1981)(federal courts may not entertain damages actions under section 1983 in state tax cases when state law furnishes an adequate legal remedy)[1]; <u>Henderson v. Stalder</u>, 407 F.3d 351 (5th Cir. 2005), <u>cert</u>. <u>denied</u>, 126 S.Ct. 2967 (2006); <u>see also</u> <u>National Private Truck Council, Inc. v. Oklahoma Tax Comm'n</u>, 515 U.S. 582, 592 (1995)("[w]hen a litigant seeks declaratory or injunctive relief against a state tax pursuant to § 1983 . . . state courts, like their federal counterparts, must refrain from granting federal relief under § 1983 when there is an adequate legal remedy.").  One basis for this exception is 28 U.S.C. § 1341, known as the 1937 Tax Injunction Act (TIA).  The TIA provides:

> "The district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State."

<u>Id</u>.; <u>Hibbs v. Winn</u>, 542 U.S. 88 (2004).  In addition to the TIA, the principles of federal/state comity preclude a federal court from hearing an individual taxpayer's state tax complaints for injunctive relief or damages.  <u>Fair Assessment</u>, 454 U.S. at 116.  "Such taxpayers must seek protection of their federal rights by state

---

[1]      In <u>Fair Assessment</u>, Justice Brennan in his concurring opinion discussed "special reasons justifying the policy of federal noninterference with state tax collection."  <u>Id</u>., 454 U.S. at 137, FN 27 [quoting <u>Perez v. Ledesma</u>, 401 U.S. 82, 128 FN 17 (1971)].  Those reasons include: State tax agencies operate in accordance with state procedures; procedures for tax assessment, collection, administration, and adjudication of disputes are generally complex and involve established rules; and if federal declaratory relief were available to test state tax assessments, taxpayers might escape the ordinary procedural requirements imposed by state law.

remedies, provided of course that those remedies are plain, adequate, and complete." <u>Fair Assessment</u>, 454 U.S. at 116. Relief in federal court is "potentially available" through direct appeal to the United States Supreme Court from any final state court judgment on a constitutional challenge to a state tax. <u>Id</u>. State "remedies are plain, adequate, and complete if they provide the taxpayer with a full hearing and judicial determination at which the taxpayer may raise any federal constitutional objections to the tax." <u>Rosewell v. LaSalle Nat'l Bank</u>, 450 U.S. 503, 512-14 (1981).

Procedures for plaintiff to challenge the tax warrant and assessment issued against him and the actions of the KDR in seizing and selling his property are plainly set forth in Kansas statutes and regulations. <u>See</u> K.S.A. § 79-5201, et seq. The Kansas legislature has established a detailed appeal process for persons objecting to a tax assessment. <u>Id</u>. K.S.A. § 79-5205(d) allows a taxpayer to request "an informal conference" before the Director of Taxation or her designee within 15 days of the date of service of a tax assessment. The purpose of the conference is "to review and reconsider all facts and issues that underlie the assessment." Time limits are set for final determinations of the Director or her designee, which constitute "final agency action" and may be appealed to the State Board of Tax Appeals pursuant to K.S.A. § 74-2438. K.S.A. §§ 77-606, -607, and -617, provide for judicial review of agency actions. A litigant seeking tax relief in Kansas must exhaust administrative remedies including appeal to the BOTA before filing an action in the state district court. <u>Zarda v. State</u>, 250 Kan. 364, 370-70; 826 P.2d 1365 (Kan.), <u>cert</u>. <u>denied</u>, 504 U.S. 973 (1992). "BOTA is a specialized agency and is considered to be the

paramount taxing authority in Kansas." <u>In re Family of Eagles, Ltd.</u>, 275 Kan. 479, 483; 66 P.3d 858 (Kan. 2003), *citing* <u>In re Tax Appeal of the City of Wichita</u>, 274 Kan. 915, 59 P.3d 336 (2002). "Its decisions are given great weight and deference when it is acting in its area of expertise." <u>Id</u>., *citing* <u>In re Tax Appeal of Intercard, Inc.</u>, 270 Kan. 346, 349, 14 P.3d 1111 (2000). "However, if BOTA's interpretation of law is erroneous as a matter of law, (Kansas) appellate courts will take corrective steps." <u>Id</u>. Plaintiff's recourse was to utilize these procedures and possibly seek review of any adverse agency action in the courts of the State, provided he has valid grounds for seeking judicial review. He then could have obtained federal review by filing a petition for writ of certiorari in the United States Supreme Court of any adverse decision by the Kansas Supreme Court.

Plaintiff makes no allegation that the administrative remedies provided in the state agency or the judicial remedies available in the state courts are unclear, inadequate or incomplete. Plaintiff's exhibits indicate he followed the first step of the proper procedure by seeking informal review of his tax assessment under K.S.A. § 79-5205(d), and was denied relief. Another attachment provided by plaintiff indicates he was informed that the Secretary Designee's determination constituted "final agency action and is subject to administrative review by the Board of Tax Appeals (BOTA)." It thus appears from his own exhibits and allegations that the procedures in the Kansas Drug Tax Act were provided, as long as plaintiff timely and properly pursued relief.

Whether or not Mr. Pacheco timely and properly appealed to the Kansas Board of Tax Appeals is not apparent from his complaint and

attachments.  He alleges he "appealed" Wilke's decision to the BOTA, but Bruce Larkin responded that he should contact the Johnson County Sheriff's Office[2], which he did and was referred back to the KDR. Plaintiff next alleges he "has filed two separate complaints with KDR," and even that he is "currently awaiting a response."  There is no indication in plaintiff's exhibits and allegations that he followed proper procedures by actually submitting a timely "Notice of Appeal" to the Secretary of the Board of Tax Appeals, rather than the Secretary of the KDR, in accord with K.S.A. § 74-2438, as instructed in Wilkes' notice of determination.  Instead, plaintiff shows only that he sent a letter or second "complaint" to the KDR. Proper and full exhaustion of state administrative remedies is a prerequisite to plaintiff seeking judicial review.  The determination of whether or not plaintiff exhausted his state administrative remedies is an issue be determined by the state district court.  Plaintiff does not allege that he has filed any action in the state courts challenging the state tax warrant or assessment.  The court concludes that plaintiff may not proceed upon his challenges to his state drug tax warrant and assessment and the seizure and sale of his personal property by the KDR in this federal district court, and that his remedies lie within the state agency and state courts.

## FAILURE TO STATE FEDERAL CONSTITUTIONAL CLAIM

The court additionally finds that plaintiff fails to state

---

[2]      Plaintiff exhibits a letter with the KDR's letterhead addressed to him from Mr. Larkin, "Appeal Manager," dated December 12, 2006, stating: "I received your letter regarding your truck.  At this time we do not show any record that this was sized (sic) by the (KDR).  Please check with Johnson County."

sufficient facts in support of his claims of federal constitutional violations.    The    violation    of    a    federal    law    or    federal constitutional right is a necessary element of a § 1983 action. Plaintiff's assertions that his federal constitutional rights have been violated are mostly conclusory, and the sparse facts he does allege, even taken as true, are not sufficient to support such claims.

Plaintiff asserts he was not provided due process with regard to his tax warrant and assessment proceedings[3].  However, he alleges no facts indicating that the assessment was not in accord with K.S.A. § 79-5205(a), which pertinently provides:

> [T]he director may immediately assess a tax based on
> personal  knowledge  or  information  available  to  the
> director  of  taxation. . .  and  demand  its  immediate
> payment.   If payment is not immediately made, because
> collection of every assessment made hereunder is presumed
> to be in jeopardy due to the nature of the commodity being
> taxed,  the  director  may  immediately  collect  the  tax,
> penalties and interest in any manner provided by K.S.A.
> 79-5212, and amendments thereto.

Id.  Subsection (b) of K.S.A. 79-5205 provides:

> The  tax,  penalties  and  interest  assessed  by  the
> director  of  taxation  are  presumed  to  be  valid  and
> correctly determined and assessed.  The burden is upon the
> taxpayer to show their incorrectness or invalidity. . . .

Id.  Plaintiff does not describe any procedure in the Act that was not provided to him, and his own exhibits indicate he was afforded all the process required by the Act.  As discussed earlier, he filed a request for an informal conference, which apparently was untimely, yet defendant Secretary Designee Wilkes reviewed the circumstances

---

[3]      The Kansas Drug Tax Act does not violate a defendant's Fourteenth Amendment right to due process.  State v. Berberich, 248 Kan. 854, 862; 811 P.2d 1192 (Kan. 1991); State v. Matson, 14 Kan.App.2d 632, 798 P.2d 488 (1990), rev. denied, 249 Kan. 777 (1991).

underlying the assessment and ruled the warrant "was based on good facts." Although Mr. Pacheco states in his factual background that he appealed to the BOTA, as previously noted, he provides no evidence that he filed a proper and timely notice of appeal to the BOTA following Wilkes' decision.

Moreover, because § 1983 requires deprivation of rights secured by the federal constitution, allegations of lack of state due process are not sufficient.  Furthermore, the Kansas Drug Tax Act makes clear the standards for determining who is a dealer and what controlled substance is subject to tax, and thus does not violate state or federal guarantees of substantive due process, even though the Act allows assessment of tax based on the Secretary's personal knowledge or information.

Plaintiff complains of the deprivation of his property, but alleges no facts indicating it was taken without due process. Exaction of a tax constitutes a deprivation of property, and the State must provide procedural safeguards against unlawful exactions to satisfy the Due Process Clause.  McKesson Corp. v. Division of Alcoholic Beverages and Tobacco, 496 U.S. 18, 36 (1990).  It is well established that a State need not provide a pre-deprivation process for the exaction of taxes.  Id. at 37.  Plaintiff was notified of the seizure of his property and the basis for the seizure.  He exhibits a letter from Wilkes dated December 27, 2007, notifying him that his 1994 Ford pickup and contents[4], except for two cell phones

---

[4]     Plaintiff was informed that the personal property sold included a leather coat, cd wallet, amplifier, cd player, tool set, and jeans. Net proceeds from the sale of the truck were $1689.26 after auctioneer and storage fees and expenses.  The other property netted $121.56.  The net total of $1810.82 was deducted from the assessment of leaving a balance due of $3389.18.

that were returned to him, were sold at public auction as specified by K.S.A. § 79-5212(f)(1)[5].   The few facts alleged by plaintiff refute rather than support his claim of a deprivation of property without due process since he was provided notification and review proceedings by the KDR.   Moreover, given that Kansas provides adequate remedies such as a conversion action, or one under the Kansas Tort Claims Act, as well as K.S.A. § 60-907 cited by plaintiff, no claim is stated of violation of federal due process cognizable in federal court.   See Hudson v. Palmer, 468 U.S. 517, 533 (1984); Parratt v. Taylor, 451 U.S. 527, 543-44 (1981); Smith v. Maschner, 899 F.2d 940, 943 (10th Cir. 1990).

Nor do the facts alleged by plaintiff, taken as true, establish that his right against self-incrimination in a criminal matter was violated[6].   A jail inmate is lawfully subject to having his non-legal, personal telephone conversations monitored or recorded, and no federal constitutional violation is evident in jail officials forwarding overheard information suggesting violations of tax laws to appropriate agency officials.   In any event, plaintiff does not

---

[5]    K.S.A. § 79-5212(a) provides: "Whenever a taxpayer liable to pay any tax, penalty or interest assessed pursuant to K.S.A. 79-5205 . . . refuses or neglects to immediately pay the amount due, the director of taxation may issue one or more warrants for the immediate collection of the amount due, directed to the sheriff of any county of the state commanding the sheriff to seize and sell the real and personal property of the taxpayer . . . ."  Subsection (f)(1) provides: "If the taxpayer fails to appeal the assessment as provided by subsection (b) of K.S.A. 79-5205 . . . or if the taxpayer requests a hearing and a final order has been entered by the director of taxation as to the correctness of the assessment, then the sheriff or department of revenue employee shall sell the seized property at public auction . . . ."

[6] The assessment of tax on illegal drugs by the KDR is a civil, not a criminal penalty.  See Simpson v. Bouker, 249 F.3d 1204, 1208 (10th Cir. 2001)(for double jeopardy purposes).   In State v. Durrant, the Kansas Supreme Court found that the Act itself does not violate the Fifth Amendment prohibition against self-incrimination because all information obtained through compliance with the Act is confidential.  State v. Berberich, 248 Kan. 854, 863; 811 P.2d 1192 (Kan. 1991), citing State v. Durant, 244 Kan. 522, 535; 769 P.2d 1174, cert. denied, 492 U.S. 923 (1989).

12

allege that he was compelled in any fashion to make incriminating remarks while talking on the jail telephone. Furthermore, since plaintiff was not criminally prosecuted[7] for possession of illegal drugs, his right to Miranda warnings was not violated.

Plaintiff alleges no facts whatsoever indicating that either the search or seizure of his truck or the seizure of meth from his truck was unconstitutional. His bald allegations of fraud and bad facts are completely conclusory.

Plaintiff likewise alleges no facts in support of his claim of a denial of equal protection. He is being treated no differently than any other person found with drugs in Kansas with no tax stamps affixed.

Plaintiff's claim of a violation of K.S.A. § 60-907, a state law, is not grounds for relief under § 1983, and may only be pursued in state court.

Plaintiff shall be given thirty (30) days in which to show cause why this action should not be dismissed as improperly brought in the federal district court and for failure to state facts in support of a federal constitutional claim as discussed herein. In the meantime, he would be well-advised to immediately seek relief from the Board of Tax Appeals and the state courts.

**IT IS THEREFORE ORDERED** that plaintiff's Application to Proceed Without Prepayment of Fees (Doc. 2) is granted.

**IT IS FURTHER ORDERED** that plaintiff is granted thirty (30) days to show cause why this action should not be dismissed for the

---

[7]     K.S.A. § 79-5206 provides that information obtained in compliance with the Act is confidential and may not be used against the dealer in any criminal proceeding except proceedings involving taxes due under the Act.

reasons stated herein.

The Clerk is directed to transmit a copy of this Order to the Finance Office at the institution where plaintiff is currently confined.

**IT IS SO ORDERED.**

Dated this 19th day of March, 2008, at Topeka, Kansas.

s/Sam A. Crow
U. S. Senior District Judge